Andrea D. McGary, SBN 215703
THE McGARY FIRM
Attorneys At Law
505 Montgomery Street, 11th FL
San Francisco, CA 94111
Telephone: (415) 874-3500
Facsimile: (877) 243-9183

Attorneys for Defendant
COLLECTCORP CORPORATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE BRANCH

| | |
|---|---|
| GRAHAM TOEWS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COLLECTCORP CORPORATION, a Delaware corporation<br><br>　　　　Defendant. | Case No. C 08-02828 RS<br><br>ANSWER TO COMPLAINT<br><br>**BY FAX** |

Defendant COLLECTCORP CORPORATION ("Defendant") answers the Complaint of Plaintiff GRAHAM TOEWS.

## I. INTRODUCTION

1. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 1 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

2. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 2 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

//
//

ANSWER TO COMPLAINT

## II. JURISDICTION

3. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 3 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

4. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 4 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

## III. VENUE

5. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 5 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

## IV. INTRADISTRICT ASSIGNMENT

6. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 6 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

## V. PARTIES

7. Defendant admits that Plaintiff is a natural person. Defendant has no information or belief sufficient to enable it to answer the remaining allegations contained in paragraph 7 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

## VI. FACTUAL ALLEGATIONS

9. Defendant admits that Plaintiff has incurred a financial obligation on a credit card issued by Bank of America, Defendant has no information or belief sufficient to enable it to answer the remaining allegations contained in paragraph 9 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

10. Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Although Defendant is uncertain as to the date of the alleged mailing, Defendant admits the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 18 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

19. Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 20 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

21. Defendant denies the allegation contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegation contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegation contained in paragraph 23 of Plaintiff's Complaint.

## VII. CLAIMS

24. No response necessary.

25. No response necessary.

26. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 26 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

27. Defendant admits the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 28 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33. No response necessary.

34. No response necessary.

35. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 35 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

36. Defendant admits the allegations contained in paragraph 36 of Plaintiff's Complaint.

//

37. Defendant has no information or belief sufficient to enable it to answer the allegations contained in paragraph 37 of the Complaint herein, and placing its denial on that ground, denies each and every allegation thereof.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. No response necessary.

### AFFIRMATIVE DEFENSES

1. **AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that Plaintiff does not state facts sufficient to constitute a cause of action against this answering Defendant.

2. **AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that the Complaint is barred by applicable statutes of limitations which this answering Defendant will be able to specify upon discovery.

3. **AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE**

**COMPLAINT**, and each cause of action thereof, this answering Defendant contends that Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering Defendant and is therefore barred from bringing this action by the doctrine of latches.

4. **AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that Plaintiff's damages, if any, were caused in whole or in part by other persons or parties whom Defendant is not and was not responsible for.

5. **AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant did not intend to harm Plaintiff.

6. **AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends Plaintiff has failed to mitigate or minimize or avoid any damages allegedly sustained, a recovery against Defendant, if any, must be reduced by the amount of said failure.

7. **AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that the Complaint is barred by virtue of Plaintiff's conduct in causing the damages alleged by Plaintiff under the doctrine of unclean hands.

8. **AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that if Plaintiff suffered any loss and to the degree that Plaintiff has alleged Defendant failed to comply with any laws, regulations or orders having authority over Defendant, Plaintiff is barred from any recovery because Defendant took all actions which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances who desires to comply with the law.

9. **AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that improper actions, if any, by Defendant, complained of in Plaintiff's Complaint were unintentional errors despite Defendant's reasonable procedures to avoid errors. 15 U.S.C. 1692k(c).

10. **AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends Plaintiff waived his objections to the conduct complained of in his Complaint.

11. **AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends all of its actions, as complained of in Plaintiff's Complaint, were in accordance with 15 U.S.C. 1692c.

12. **AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant did not intend to harm Plaintiff, pursuant to California Civil Code Section 1788.17.

13. **AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that Plaintiff violated the FDCPA. Cal. Civ. Code Section 1788.30(g).

14. **AS AN FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that Plaintiff failed to mitigate damages, if any there were, and that said failure has proximately caused or contributed to the matters complained of and the damages alleged in said Complaint, if any there were.

15. **AS A FIFTHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering Defendant contends that the Complaint fails to state facts sufficient to support a claim or award of attorneys' fees pursuant

the Complaint fails to state facts sufficient to support a claim or award of attorneys' fees pursuant to any express or implied claim or cause of action.

16. AS A SIXTIENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, and each cause of action thereof, this answering Defendant contends that the Complaint fails to state facts sufficient to support a claim or award of punitive damages, and/or that the punitive and statutory damages sought by Plaintiff are prohibited under the United States Constitution.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering Defendant contends that Plaintiff lacks standing to bring an action based on the United States law stated therein.

18. AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering Defendant reserves the right to raise additional defenses as relevant facts are identified in discovery.

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff be denied the relief sought;
2. For costs of suit incurred herein;
3. For reasonable attorney's fees, if applicable; and
4. For such other and further relief as the court may deem just and proper.

Dated: June 30, 2008

The McGary Firm

By _Andrea D. McGary_ (signature)
Andrea D. McGary

Attorneys for Defendant
COLLECTCORP CORPORATION